UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAREN SPANN TURNER,

        Plaintiff,

                                    Case No. 26-cv-0533-bhl

    v.

EDUCATORS CREDIT UNION,

        Defendant.

---

**ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

---

On March 31, 2026, Plaintiff Karen Spann Turner, proceeding without an attorney, filed this lawsuit against Defendant Educators Credit Union. (ECF No. 1.)  Turner has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.)  The matter is before the Court for consideration of Turner's IFP motion

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1).  Turner's IFP application includes information about her finances and is signed under penalty of perjury. (ECF No. 2 at 4.)  She represents that she is employed, unmarried, and has two adult sons to whom she provides $1,000 monthly. (*Id.* at 1.)  Her monthly income is $6,500, and in the past twelve months, she received an additional $4,333 from Marquette University. (*Id.* at 2.)  Every month, she pays $1,900 for her mortgage, $250 for her car payment(s), $500 for her credit card, approximately $2,000 in household expenses, and $1,257 in loans. (*Id.* at 2–3.)  She has a 2013 Dodge Avenger, valued at $3,000, and a 2016 Nissan Rogue, valued at $7,000. (*Id.* at 3.)  Turner has $4,000 in checking and savings. (*Id.*)

On these facts, the Court will deny Turner's IFP motion because she is not sufficiently indigent to warrant a fee waiver.  While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to

grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Although Turner appears to be in a significant amount of debt, she receives $6,500 a month and has $4,000 in checking and savings—she can use these funds to pay the filing fee. Indeed, she is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee. The Court will give Turner **thirty (30) days** from the date of this Order to pay the filing fee. If she does not pay, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Turner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. Turner has until **May 7, 2026** to pay the filing fee; otherwise, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on April 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge